## Business Corporation as Transfer Agent

BROWN, Deputy Attorney General, May 11, 1942.—You have presented an inquiry as to whether or not a corporation chartered under the Business Corporation Law of May 5, 1933, P. L. 364, may act as "transfer or fiscal agent, and registrar of shares, bonds, or other obligations."

The Department of State has recently granted a charter to a corporation, the declared purpose of which

is, inter alia, to act as "transfer or fiscal agent, and registrar." You inquire whether the grant of such power by the Department of State conflicts with section 1506 of the Banking Code of May 15, 1933, P. L. 624, as amended, 7 PS §819-1506. Section 1506 provides as follows:

"The only corporations organized under the laws of this Commonwealth which shall have authority to act in this Commonwealth as trustees, guardians, executors, administrators, or in any similar fiduciary capacity, shall be bank and trust companies and trust companies."

It would seem that the fiduciary capacity referred to in the Banking Code is that activity contemplated in the various fiduciary acts of this Commonwealth, because we find specific mention of trustees, guardians, executors, and administrators. That is, there is apparently no intention to go beyond the commonly-accepted meaning of the term "fiduciary."

The thought is advanced, however, that if acting as transfer or fiscal agent and registrar of shares is acting *in a fiduciary capacity similar to* that of a trustee, guardian, executor, or administrator, only a bank and trust company or a trust company may so act.

We must examine, then, the possibility of the activity of a registrar or transfer or fiscal agent being of a *fiduciary capacity similar to* that of a trustee, guardian, executor, or administrator. A registrar is merely one who keeps a register. His operation would appear to extend no further than that: 53 C. J. 1082. A transfer agent, as defined in Webster's New International Dictionary, is "The individual or corporate agency that keeps the ownership records and makes the transfer of title to corporate securities." A fiscal agent, as defined in the same dictionary, is "a financial representative", and this dictionary gives as an example "a trust company serving a corporation." But in this example there is no suggestion of exclusiveness.

It would seem from the above definitions and example that there is little of the fiduciary element in the activities embraced by the terms "transfer or fiscal agent and registrar."

We attach major significance to the fact that in the code the treatment accorded the terms "fiduciary" and "transfer or fiscal agent, and registrar" is separate and distinct. Section 1102 of the Banking Code, in subparagraph (1), specifically grants to trust companies and bank and trust companies the right to act as fiduciary, and in subsection (3) gives the same institutions the right to act as transfer or fiscal agent and registrar of shares. Section 1102 provides as follows:

"In addition to the general corporate powers granted by this act, and in addition to any powers specifically granted to a bank and trust company or a trust company elsewhere in this act, a bank and trust company or a trust company shall have the following powers, subject to the limitations and restrictions imposed by this act:

"(1) To act as fiduciary and, pursuant thereto, to receive and dispose of real or personal property;

. . . . . . . . . .

"(3) To act as transfer or fiscal agent, and registrar of shares, bonds, or other obligations;"

Certain subsequent sections of the Banking Code amplify the subsections of section 1102. Thus, section 1103 dwells upon the exercise of fiduciary powers by a bank and trust company or a trust company. Likewise, section 1105 dwells upon the exercise of transfer agent or fiscal agent and registrar powers of a bank and trust company or a trust company.

It would seem, in other words, that if the framers of the Banking Code considered the activities of a transfer or fiscal agent and registrar as of a fiduciary capacity similar to that of executor, administrator, and trustee, there would have been no need for separate treatment, as above outlined.

The argument has been advanced that if the only incorporated institutions under your supervision which can act as transfer or fiscal agent or registrar are bank and trust companies or trust companies, it would hardly seem that a business corporation would be privileged to act as transfer or fiscal agent or registrar. Your jurisdiction extends to banks, bank and trust companies, trust companies, private banks, and certain specially chartered savings banks. Private banks are unincorporated and do not come within the statutory prohibition herein discussed. The effect of the above-quoted legislation, therefore, is that a bank and trust company or a trust company under your jurisdiction may act as transfer or fiscal agent and registrar, but an incorporated bank, that is, an institution not having trust powers, or a specially-chartered savings bank could not so act.

We take it, however, that section 1102 merely provides what kind of banking institutions under your jurisdiction may exercise the powers therein designated. Section 1102 does not attempt to say that all the powers therein granted may be exercised exclusively in Pennsylvania by bank and trust companies or trust companies.

There is no prohibition in the Business Corporation Law against corporations being formed to act as transfer or fiscal agents or as registrars. The prohibition therein is that banking businesses are not to be chartered by the Department of State. The only basis upon which we could consider a corporation exercising the powers of transfer or fiscal agent or registrar as doing a banking business is that such activity would constitute the work of a fiduciary within the meaning of that term as used in the Banking Code. We have disposed of this hereinbefore.

It is our opinion and you are, therefore, accordingly advised that:

1. The Department of State may grant a charter to a business corporation for the purpose of acting as

transfer agent, fiscal agent, or registrar of shares, bonds, and other obligations.

2. Grant of such a charter by the Department of State does not conflict with the provisions of the Banking Code.

3. It follows that it is not incumbent upon the Department of Banking to examine and supervise a business corporation which is authorized to conduct the business of transfer or fiscal agent and registrar of shares, bonds, or other obligations.